that the state attain to such certainty as to notify the defendant what he is to answer, in order that he may shape his defence to meet it, and be enabled to plead in bar of any future prosecution, an acquittal or conviction under it. This indictment does not do so; it should set forth the existing mark, and describe its alteration, or the manner as near as may be, it is alleged to be defaced.

The judgment is reversed.

---

### CAMPBELL v. COWDEN AND McCRACKEN.

Answer after demurrer overruled—demurrer virtually withdrawn—residence of parties.

After hearing on a demurrer which is overruled, leave is given to answer which is silent as to withdrawing the demurrer, if the answer is put in and the cause heard and appealed to the Supreme Court, the defendant cannot call up the demurrer in the Supreme Court; the putting in the answer virtually withdraws the demurrer.

The court will not notice the residence of the defendants to determine its jurisdiction, unless regularly brought before it.

CHANCERY. Appealed from the Common Pleas. It appeared by the entries certified from the Common Pleas under the law, that while the cause was in that Court a demurrer had been put in by McCracken and overruled. Leave to answer was then applied for and granted, the answer put in and a decree rendered upon the hearing, but no special leave appeared to have been given to withdraw the demurrer.

It appeared also, that the subpœna had issued against Cowden in Pike, which was returned not found, and against McCracken to Fairfield, returned served. McCracken alone appeared. An order was made by the Common Pleas to advertise as to Cowden, but it did not appear to have been made.

*Bond*, for the defendant. McCracken, moved to take up the demurrer for hearing, and urged that the court had no jurisdiction, because neither of the defendants resided in the county of Pike when the suit was instituted.

*Douglas*, contra.

BY THE COURT. The defendant, McCracken, had leave to answer after the hearing on the demurrer, and that leave in our opinion involves of course leave to withdraw the demurrer. You cannot demur and answer to the same part of a bill. Having availed himself of the benefit of that leave, he cannot now go back to the de-

[Christy and Liggett v. Douglas.]

murrer, that is in effect withdrawn, and as it regards the suit, as if never in. If he would have preserved a right to rest on his demurrer, he should have appealed from the decision on that after it was followed by a decree dismissing the bill.

As to the second point, there is nothing before us showing that Cowden, when the bill was filed, did not reside in Pike county; when that matter is before us, we will decide it. But enough is disclosed to show that the plaintiff cannot proceed now. Cowden is not in court, in fact, and there has been no advertisement or other step taken to authorize a proceeding against him, *pro confesso*. The complainant may take an order to advertise, and continue if he choose, or dismiss his bill. The case made is against both; the order of the Common Pleas, to take the bill as confessed by Cowden, was improvidently made, and is unavailable.